## MARY SPENCER v. JOHN RIST et al.

*Where a judgment of separation of property was rendered contradictorily, on due proof, and not upon the confession of the husband—Held: That the plaintiff was regularly separated in property with her husband, and that the decree of separation carried with it a dissolution of the community. The decisions in Davock v. D'Arcy, 6 R. 342, and Holmes v. Barbin, 15 An. 553, re-affirmed.*

APPEAL from the Dist. Court of the Parish of East Feliciana. *McVea, J. Ratliffe & Lacy* and *R. J. Bowman,* for plaintiff and appellant. *J. H. Muse* and *F. Hardesty,* for defendant.

DUFFEL, J. This suit commenced by an injunction.

The defendant having become the purchaser, at the probate sale of Luke Drury, of a judgment obtained by said Drury against Joel Spencer, the husband of the plaintiff, in the District Court of the Parish of East Feliciana, on the 22d of April, 1842, sued out a writ of *fi. fa.* on the 12th of January, 1859, under which writ the Sheriff seized two slaves named Bob and Charles.

The plaintiff injoined the sale, claiming the slaves as her own, under a Sheriff's deed of sale made to her on the 7th of September, 1844, at her suit against her husband, for a separation of property, &c., and pleaded the prescription of five, ten and fifteen years; and she produced her judgment in separation, the writ of execution and Sheriff's return. She also attacked the judgment of Drury.

The defendant charges, in his answer, that the pretended judgment of the plaintiff was obtained through fraud and collusion with her husband, and is simulated, illegal and void on its face; that the judgment was rendered by consent, and did not therefore dissolve the community between the plaintiff and her husband Spencer.

The case was submitted to a jury, who returned a verdict in favor of the defendant.

The evidence shows that the plaintiff and her husband, Joel Spencer, have not lived together, as man and wife, since 1839; that Joel Spencer left the State *permanently* for Texas in 1839; has since made five or six casual visits to this State; that the plaintiff has, during the whole of that period, resided in the Parish of East Feliciana, and has been in possession of the slaves seized from the date of the Sheriff's sale, in 1844.

The suit of the plaintiff against her husband was for $8,500. She claimed judgment for that amount, and for a separation of property; and in order to secure her legal mortgage, she injoined the sale of certain landed property attached and seized at the suit of various creditors of her husband, among others Luke Drury. The agent and attorney in fact of Joel Spencer admitted his indebtedness in the answer; and Robert Perry, claiming to be the assignee and owner of the judgment obtained by Luke Drury as aforesaid, intervened, denied all the allegations of the wife, required strict proof, and prayed "that said suit may be dismissed with costs, and that the proceeds of the property injoined, as well as the negroes which remain unsold, be applied to the payment of the debt due him as aforesaid." This last petition is signed by the attorney who had obtained the judgment in favor of Luke Drury, and who had, it must be inferred, sued out the *fi. fa.* injoined.

The only evidence found in the record of the suit of the plaintiff against her husband, is the testimony of witnesses taken under commission in the State of Mississippi, showing that the father of the plaintiff had (he being at the time a resident of the latter State) donated to her certain slaves in 1821, *after her marriage*, and setting a value on said slaves. There is no note of evidence, and *non constat* that no other evidence was adduced on the trial below. It is, however, evident that the judgment in the case, which bears date April 30th, 1844, was rendered contradictorily and not on the confession of the husband, for it only decreed to the plaintiff $1,800, the value of the slaves donated as aforesaid, with privilege and mortgage on all the property of the husband, " the mortgage, however, not to operate on the lands once owned by her said husband in the Parish of East Feliciana."

From the above facts, we are of opinion that the plaintiff was regularly separated in property with her husband, and that the decree of separation carried with it a dissolution of the community. *Davock* v. *Darcy*, 6 R. 342; *Holmes* v. *Barbin*, 15 An. 553.

The facts that Robert Perry, as assignee of Luke Drury's judgment, was a party to the proceedings, had caused to be issued the writ of *fi. fa.* on the judgment of Drury, and that the lands seized were sold under this and other writs, are binding on the present defendant, who cannot question those acts and proceedings under his pleadings.

We will not, consequently, examine the sufficiency of the proof adduced in the suit of the plaintiff against her husband, nor the validity of the judgment of Luke Drury and its transfer to the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that the injunction sued out by the plaintiff be perpetuated at the costs of the defendant, John Rist, in both courts.

VOORHIES, J., absent.